ORIGINAL



FILED

07/21/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0048

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0048

ZANE AARON TENOLD,

Petitioner,

v.

WARDEN JIM SALMONSEN,

Respondent.

FILED

JUL 20 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Zane Aaron Tenold represents himself and has filed a petition for rehearing, pursuant to M. R. App. P. 20(1)(a)(i) and (iii), of this Court's April 27, 2021 Order denying his petition for habeas corpus relief because the Department of Corrections (DOC) had since correctly calculated his sentence allowing for an additional credit of 73 days toward his first sentence.

Tenold now argues that he is due additional credit—time while on probation—toward his sentence. Tenold points to a 2010 Judgment from the Ravalli County District Court and this language: "The Defendant shall receive credit for time served on probation from September 5, 2017, to January 30, 2010, the date of arrest for his violation." He states that this credit should also be applied and that his sentence calculations are incorrect for his other two sentences.

This Court did not overlook a material fact, and the April 27, 2021 Order does not conflict with Montana law. Any credit for time on probation or street time applies only once to a sentence. Section 46-18-203(7)(b), MCA (2005). That credit cannot be carried forward to apply to other sentences imposed upon revocation. Here, Tenold violated his probationary term in 2010. The District Court revoked Tenold's 2007 deferred imposition of sentence for two, 2006 offenses and imposed two, concurrent ten-year commitments to the DOC with all time suspended. The District Court ensured that Tenold would receive

credit from September 5, 2007 through January 30, 2010, because of his good behavior while on probation prior to his violation. (Emphasis added.) The DOC Montana State Prison Records Department would have applied that probationary credit to Tenold's sentence in 2010 when it calculated his sentence upon revocation. The Records Department calculates sentences based upon what is in the written judgment. We point out that the District Court revoked Tenold's sentence again in 2016 because of several violations, and the court made no mention of any credit for street time or probationary time. Tenold cannot receive a double credit for street time when the credit was originally applied to his 2010 sentence upon revocation. Tenold points to no authority for such argument.

His other arguments are without merit because as stated before, his fourth sentence runs consecutively to his prior sentences. Tenold is not entitled to rehearing. M. R. App. P. 20(1)(d). Therefore,

IT IS ORDERED that Tenold's Petition for Rehearing is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Zane Aaron Tenold personally.

DATED this 20 day of July, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

2